**VILLAGE OF THORNTON, an Illinois Home Rule Municipality, Thornton Elementary School District No. 154, Cook County, Illinois, Thornton Township High School District No. 205, Cook County, Illinois, and Max E. Salmon, Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, General Joe Ballard, Chief of Engineers of the United States Army Corps of Engineers, and Roger Gerber, P.E. L.T.C. of the United States Army Corps of Engineers, District Engineer, and The Metropolitan Water Reclamation District of Greater Chicago, Defendants.**

No. 98 C 3184.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 23, 1998.

John Manion McGarry, Baker & McKenzie, Chicago, IL, Jay L. Statland, Chicago, IL, Mark R. Valley, Chicago, IL, for Village of Thornton, for plaintiffs.

Richard G. Schultz, Jeffrey Charles Blumenthal, Steven Howard Gistenson, Daniel David Kasten, Foran & Schultz, Chicago, IL, for Metropolitan Water Reclamation District of Greater Chicago, defendant.

Mark R. Valley, Statland & Valley, Chicago, IL, John T. McGarry, Attorney at Law, Chicago, IL, for plaintiffs.

Kury N. Lindland, Assistant U.s. Attorney, Chicago, IL, Richard G. Schultz, Foran & Schultz, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs, the Village of Thornton ("Thornton"), Thornton Elementary School District No. 154 ("District 154"), Thornton Township High School District No. 205 ("District 205"), and Max E. Salmon filed suit under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"), against defendants, the United States Army Corps of Engineers ("Army Corps"), General Joe Ballard, Army Corps Chief of Engineers, Roger

Gerber, Army Corps P.E. L.T.C., and the Metropolitan Water Reclamation District of Greater Chicago ("Water District"). The plaintiffs challenge the proposed use of the Thornton (limestone) Quarry as a reservoir for sanitary sewage and stormwater. No environmental impact statement ("EIS") was prepared for the project, and the plaintiffs claim that was a violation of NEPA (Count I). They also claim the project will create a nuisance (Count II).[1] Relief sought includes a declaratory judgment that NEPA was violated, and an injunction requiring preparation of an environmental impact statement.

The federal defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), and the Water District moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the motions are granted in part and denied in part.

## Background

The proposed Thornton Composite Reservoir is part of a federally authorized project, the Tunnel and Reservoir Plan ("TARP"), designed to combat flooding problems in the Chicago area. Plans call for the Thornton Quarry to be used as a reservoir to hold untreated storm and sewer water until the Water District can process it without having to release raw sewage into Lake Michigan. According to the Army Corps, the Thornton reservoir and a second one, the McCook reservoir,[2] would be used mainly during and after storms when the volume of wastewater would otherwise overwhelm the Water District's treatment plant.

In December 1986, the Army Corps issued a "finding of no significant impact" ("FONSI"), determining that the proposed Thornton and McCook reservoirs "would not have significant effects on the quality of the human environment" and that an EIS therefore was not necessary.[3] (Mem. in Supp. of Federal Def.Mot. to Dismiss, Ex. 1 (FONSI)); 42 U.S.C. § 4332(C); 40 C.F.R. §§ 1501.4(b)—(c), (e), 1508.13 (1998). Pursuant to NEPA, the FONSI was based on an environmental assessment ("EA") that considered factors such as groundwater contamination, air quality, offensive odors, mosquitoes and flies, and endangered species. (Mem. in Supp. of Federal Def.Mot. to Dismiss, Ex. 1(EA)); 40 C.F.R. § 1501.4(b)—(c), (e).

Congress subsequently directed the Army Corps to do an economic reevaluation of the McCook reservoir project. (Water District's Mot. to Dismiss, Ex. 13.) The resulting Special Reevaluation Report ("SRR") and EIS (issued in draft form in 1996 and final form in 1998) recommended that the McCook reservoir be constructed not in the McCook Quarry as originally planned but on nearby property owned by the Water District. *Id.* The plaintiffs argue that, just as an EIS was eventually done for the McCook reservoir project, an EIS should be done for the Thornton project as well.

## NEPA Claim

Because NEPA creates no private right of action, claims under NEPA generally are reviewed under the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"). *See City of Evanston,* 825 F.2d at 1122, 1124. Neither NEPA nor the APA contains a statute of limitations, but the six-year time limit in 28 U.S.C. § 2401(a) has been held to apply to APA claims. *Dunn–McCampbell Royalty Interest, Inc. v. National Park Serv.,* 112 F.3d 1283, 1286–87 (5th Cir.1997); *Chemical*

---

1. Count II initially was brought against all defendants, but the plaintiffs subsequently indicated they were bringing it only against the Water District. (Resp. to Federal Def.Mot. to Dismiss at 14.)

2. The McCook reservoir, near Western Springs, would receive stormwater runoff and sewer overflow from two of the three tunnels (beneath the Chicago metropolitan area) that are a central feature of TARP, also known as the "Deep Tunnel Project." The third tunnel would empty into the Thornton reservoir.

3. Under NEPA, an EIS must be prepared before approval of any major federal action that will significantly affect the quality of the human environment. 42 U.S.C. § 4332(C); *see City of Evanston v. Regional Transp. Auth.,* 825 F.2d 1121, 1124–25 (7th Cir.1987); *Sierra Club v. United States Dep't of Transp.,* 753 F.2d 120, 126 (D.C.Cir.1985). Federal agencies determine whether an EIS is necessary by doing an environmental assessment ("EA"). 40 C.F.R. § 1501.4(b)—(c); *Sierra Club,* 753 F.2d at 126. If the EA results in a FONSI, then preparation of an EIS is not necessary. 40 C.F.R. § 1501.4(e); *City of Evanston,* 825 F.2d at 1125; *Sierra Club,* 753 F.2d at 126.

*Weapons Working Group, Inc. v. United States Dep't of the Army,* 111 F.3d 1485, 1494–95 (10th Cir.1997).[4] Section 2401(a) imposes a six-year time limit on "every civil action commenced against the United States." Here, the plaintiffs' NEPA claim is a civil action against the United States and as such is subject to the § 2401(a) statute of limitations. *See Sierra Club v. Slater,* 120 F.3d 623, 630–31 (6th Cir.1997); *Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988); *cf. Sierra Club v. Pena,* 915 F.Supp. 1381, 1392–93 (N.D.Ohio 1996) (noting that laches generally applied to NEPA, but finding statute of limitations the "better reasoned" rule).

■ The plaintiffs' NEPA claim was filed in May 1998, nearly 11 and one-half years after the FONSI was issued. The Section 2401(a) statute of limitations begins to run when the right of action first accrues. Under the APA, that comes at the time of final agency action. 5 U.S.C. § 704; *see Slater,* 120 F.3d at 631. A FONSI is such a final agency action. 40 C.F.R. § 1500.3; *Southwest Williamson County Community Ass'n v. Slater,* 976 F.Supp. 1119, 1123–24 (M.D.Tenn.1997). Thus, in the instant case the plaintiffs' NEPA claim first accrued in December 1986 and is time-barred.

■ The plaintiffs contend any statute of limitations should begin to run not from 1986 when the FONSI was issued but from October 1996, the date of the draft SRR and EIS that recommended a different site for the McCook reservoir. That argument lacks merit. The 1996 SRR and EIS were done at the behest of Congress, which directed the Army Corps to do an economic reevaluation of the *McCook project,* not of the Thornton project. The 1996 SRR and EIS thus had nothing to do with the Thornton reservoir project.[5]

### Nuisance Claim

■ Because the NEPA claim must be dismissed, there is no longer any independent federal jurisdiction over the plaintiffs' state law nuisance claim against the Water District. 28 U.S.C. § 1367(a), (c); *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995); *Brooklyn Bridge Park Coalition v. Port Auth. of N.Y. and N.J.,* 951 F.Supp. 383, 395 (E.D.N.Y.1997). Accordingly, that claim is dismissed without prejudice.

### Conclusion

For the foregoing reasons, the defendants' Rule 12(b)(1) motions to dismiss are granted, and the Water District's 12(b)(6) motion to dismiss is denied as moot. Count II is dismissed without prejudice.

---

4. The Seventh Circuit has not ruled on the issue although in *Village of Elk Grove Village v. Evans,* 997 F.2d 328, 331 (7th Cir.1993), Judge Posner noted the fact that various other circuits had held that the six-year statute of limitations applies to APA suits.

5. Even if laches were applied instead of the statute of limitations, the NEPA claim still would be barred. The plaintiffs present no reasonable excuse for their delay. *Gardner v. Panama R.R. Co.,* 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951); *Jicarilla Apache Tribe v. Andrus,* 687 F.2d 1324, 1338 (10th Cir.1982).