**SOUTHWEST WILLIAMSON COUNTY COMMUNITY ASSOCIATION, INC., Plaintiff–Appellant,**

v.

**Rodney E. SLATER et al., Defendants–Appellees.**

No. 97–6526.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1998.

Decided April 28, 1999.

**1034**

Joe W. McCaleb (argued and briefed), Hendersonville, Tennessee, for Plaintiff–Appellant.

Ellen D. Katz (argued and briefed), U.S. Department of Justice, Land & Natural Resources Division, Washington, D.C., Michael L. Roden, Asst. U.S. Atty., Nashville, Tennessee, for Defendant–Appellee Rodney E. Slater.

Michael L. Roden, Asst. U.S. Atty., Nashville, Tennessee, for Defendants–Appellees Jane F. Garvey, James Scapellato.

Michael W. Catalano (argued and briefed), Associate Solicitor General, Nashville, Tennessee, for Defendant–Appellee John Bruce Saltsman, Sr.

Before: BOGGS and MOORE, Circuit Judges; DOWD,* District Judge.

## OPINION

MOORE, Circuit Judge.

Plaintiff Southwest Williamson County Community Association ("Association") appeals the dismissal of its several claims by the district court. The complaint centers upon the construction of a highway in Tennessee. The Association complains of a failure to comply with certain provisions of the National Environmental Policy Act ("NEPA") and the Intermodal Surface Transportation Efficiency Act ("ISTEA") on the part of the state and federal defendants, and seeks injunctive and declaratory relief pending compliance with these statutes.

The district court dismissed the plaintiff's first two causes of action under NEPA as barred by the applicable statute of limitations, the third under ISTEA because the statute provides no private right of action, and the fourth, a state claim, because all federal claims had been dismissed. For the reasons discussed below, we affirm in part, vacate in part, and remand for development of two of the claims.

## I. JURISDICTION

The district court had jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1361, 1367, 2201–2202, and 5 U.S.C. §§ 701–706. This court has jurisdiction pursuant to 28 U.S.C. § 1291. The notice of appeal was filed within sixty days of the district court's denial of the plaintiff's Rule 59 motion, making it timely under Federal Rule of Appellate Procedure 4(a)(1) because the United States is a party.

* The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation.

## II. BACKGROUND

The cause of this controversy is the design and construction of Route 840–South in Tennessee. The Tennessee Department of Transportation ("TDOT") prepared three Environmental Assessments ("EA") at the beginning stages of the project: one EA involved two cloverleaf intersections with federal interstates; a second involved two other cloverleaf interchanges with interstates; and the third involved the length of the highway—approximately fifty-three miles—called the corridor. Environmental Assessments are a tool used by state and federal officials to assess preliminarily a construction project. When it is necessary to do so, the Federal Highway Administration ("FHWA") will evaluate the EA and either issue a Finding of No Significant Impact ("FONSI") or require an Environmental Impact Statement ("EIS"). For the two EAs involving the cloverleaf intersections, the FHWA issued FONSIs in 1989 and 1990.

The construction project was divided into three segments, one of which has been completed and two others of which are in various stages of construction. On April 10, 1997, TDOT held a design public hearing in Leipers Fork, Tennessee, and it was shortly after this meeting that the plaintiff Association incorporated. The Association filed the complaint at issue here on July 14, 1997, against a state official of TDOT and federal officials of the U.S. Department of Transportation and the FHWA. Both sets of defendants filed motions to dismiss. The plaintiff filed a motion for a preliminary injunction on August 7, 1997, which was opposed by both sets of defendants. On September 15, 1997, the district court issued a memorandum opinion granting the defendants' motions to dismiss. *See Southwest Williamson County Community Ass'n v. Slater*, 976 F.Supp. 1119 (M.D.Tenn.1997).

## III. ANALYSIS

The Association's suit challenges the public hearing process and some documentation concerning the project that was prepared by the state and accepted by the FHWA in 1989 and 1990, and seeks declaratory and injunctive relief against both the federal and state defendants. These claims are based on NEPA, ISTEA, and a Tennessee statute. We address only the federal claims, which are brought pursuant to the Administrative Procedure Act ("APA"). Because the district court decided on statute-of-limitations and Federal Rule of Civil Procedure 12(b)(6) grounds, the standard of review is de novo.

### A. The State Defendants

This circuit has held that NEPA does not authorize a private right of action, *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir.1997), and the district court in *Sierra Club* found that ISTEA also does not authorize a private right of action. *Sierra Club v. Pena*, 915 F.Supp. 1381, 1390–91 (N.D.Ohio 1996). The district court's determination of the ISTEA issue in *Sierra Club* was not appealed by the plaintiff in that case and thus was not reviewed, *Sierra Club v. Slater*, 120 F.3d at 629, so this circuit has not definitively ruled on whether ISTEA creates a private right of action. However, the plaintiff Association before us does not take issue with the lack of a private right of action under either statute, and explicitly brings its claims pursuant to the APA, 5 U.S.C. §§ 701–706. Therefore, we need not, and do not, decide whether a private right of action exists under ISTEA.

The APA allows judicial review for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," and defines "agency" as "each authority of the Government of the United States...." 5 U.S.C. §§ 701(b)(1), 702. By its own terms, the APA does not apply to state agencies. This result is confirmed by case law. *See, e.g., Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1055 (5th Cir.), *cert. denied*, 510 U.S. 820, 114 S.Ct.

75, 126 L.Ed.2d 43 (1993); *Gilliam v. Miller*, 973 F.2d 760, 764 (9th Cir.1992); *Clark Constr. Co. v. Pena*, 930 F.Supp. 1470, 1475 (M.D.Ala.1996). Because TDOT is not an agency as defined by the APA, the federal actions against TDOT in the person of its commissioner should be dismissed on this ground, which is essentially "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). Although the state defendant did not raise this argument explicitly in his initial motion to dismiss, Joint Appendix ("J.A.") at 317–19, he did so on appeal,· and this court can affirm the district court on alternate grounds supported by the record. *See Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir. 1985).

## B.  NEPA

Among the agencies that promulgate regulations pursuant to NEPA is the FHWA. NEPA is essentially a procedural statute that requires federal agencies to consider the environmental consequences of "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(C). Only "major federal actions" trigger NEPA review pursuant to regulations promulgated by agencies such as FHWA and the Council on Environmental Quality, among others. Count One of the complaint alleges violations of FHWA regulations that implement NEPA. 42 U.S.C. § 4321 *et seq.;* 23 C.F.R. Part 771. Count Two alleges violations of NEPA itself—specifically, that the EAs prepared were inadequate, and a full EIS should have been required.

The district court dispensed with all of the NEPA claims on statute-of-limitations grounds, and we turn to this issue first. The district court relied extensively and correctly on this court's opinion in *Sierra Club v. Slater*, 120 F.3d 623 (6th Cir.1997). *Sierra Club* applies the six-year statute of limitations for "civil actions" against the

United States, 28 U.S.C. § 2401(a), to actions under NEPA brought pursuant to the APA. *Sierra Club* also discusses the fact that although NEPA does not allow a private right of action, a person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" can bring suit under the APA. 5 U.S.C. § 702. *See Sierra Club*, 120 F.3d at 630–31. Thus, the statute of limitations is six years from the time the claim accrues; in this case, from the time of "final agency action" as required by the APA. 5 U.S.C. § 704. The Supreme Court has noted that in making a determination about final agency action, "[t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992).

■ The *Sierra Club* court engaged in an analysis similar to the one at issue here and held that for purposes of NEPA and the APA, a final EIS or the record of decision issued thereon constituted final agency action. Because a FONSI is for purposes of finality analogous to an EIS, the statute of limitations should run from the time the FONSIs issued. The two FONSIs were issued by FHWA in 1989 and 1990, and the Association did not bring suit until 1997, which is beyond the statute of limitations. The district court was correct in so holding.

The relevant regulations discuss three potential classes of actions: Class I actions are presumed to affect the environment and require an EIS; Class II actions are presumed not to affect the environment and are categorically excluded; Class III actions require an EA because the significance of impact on the environment is not yet clearly established. 23 C.F.R. § 771.115. The state defendant, in cooperation with federal officials, chose to prepare EAs. The *Sierra Club* court explained that an EA is a preliminary determination, and it is followed either by a more detailed

EIS or by a FONSI. *Sierra Club*, 120 F.3d at 635. For two of the three EAs prepared by TDOT, the FHWA issued a FONSI instead of an EIS. Issuance of a FONSI is final agency action and provides notice that FHWA has completed its evaluation of the environmental impact of the action in question.

█ The district court did not address the third EA prepared by TDOT on which FHWA took no action. Since there was neither an EIS nor a FONSI, "final agency action" has not occurred as required under the terms of 5 U.S.C. § 704. However, the APA also allows a court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), so a federal agency cannot avoid application of the APA simply by refusing to act. The federal defendants indicate that they have not acted because the highway corridor is not a "major federal action" and thus they are not obligated to act on it. The Association suspects that the state intends to seek federal funding or reimbursement for the highway project at some later date, and through its delay, the state agency is attempting willfully to evade federal law. It claims that it can prove that the highway is in fact a major federal action and that the FHWA therefore must take action. The district court is well-situated to resolve this matter.

Although this court remarked in *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985 (6th Cir.1989), that "[t]he fact that a project has been designed in order to preserve the options of federal funding in the future is not enough, standing alone, to make it a federal project," *id.* at 990–91 (citation omitted), it also cautioned that the "absence of federal funding is not necessarily dispositive in determining whether a highway project is imbued with a federal character." *Id.* at

990. There are a number of factors that courts typically use in determining whether to consider a project to be a federal or state project, and the district court did not perform this analysis. We therefore remand for a determination as to whether the project is a "major federal action" requiring FHWA to issue a FONSI or an EIS in response to the third EA.[1]

## C. ISTEA

The district court dispensed with the plaintiff's claim under ISTEA with the simple statement that ISTEA provides no private right of action. While two other district courts have so found, no circuit court has addressed the issue. *See Sierra Club v. Pena*, 915 F.Supp. 1381, 1390–91 (N.D.Ohio 1996); *Town of Secaucus v. United States Dep't of Transp.*, 889 F.Supp. 779, 788 (D.N.J.1995). This court in *Sierra Club v. Slater*, 120 F.3d at 629, simply noted that the plaintiffs in that case did not appeal the district court's determination that their ISTEA claim was barred because the statute provided no private right of action. Assuming arguendo that the district court is correct in its determination that ISTEA does not provide a private right of action, that determination does not dispense with the plaintiff's claim.

█ The Association brings its ISTEA claim pursuant to the APA. Lack of a private right of action under a statute does not necessarily foreclose proceeding under the APA. *See, e.g., Sierra Club v. Slater*, 120 F.3d at 630–31 (NEPA does not authorize a private right of action, but a plaintiff can bring a NEPA challenge through the APA). The same is true of ISTEA. The APA applies "except to the extent that— (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). IS-

---

1. Should the state do as the Association fears and apply for federal funds later, the state will gain the funds only if it obtains approval under 23 C.F.R. § 1.9(b), which allows the Federal Highway Administrator to approve "Federal-aid funds in a previously incurred cost" if a number of conditions obtain, including: "(1) That his approval will not adversely affect the public, (2) That the State highway department has acted in good faith, and that there has been no willful violation of Federal requirements," among others.

TEA does not preclude judicial review altogether, and though some of its many provisions are committed to agency discretion, others are not and are largely procedural. The federal courts retain jurisdiction over agency action pursuant to the APA, and the plaintiff Association can proceed with its ISTEA claim against the federal defendants on this basis. Therefore, we vacate the district court's dismissal of the ISTEA claim against the federal defendants.

█ Because the ISTEA claim was decided on a motion to dismiss for failure to state a claim on which relief can be granted, we review de novo the district court's determination that the complaint is legally insufficient. *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). We do not agree that " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.' " *Id.* at 638 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The ISTEA claim is not alleged with precision in the complaint, but we must view the complaint in the light most favorable to the plaintiff, and the Association has pleaded sufficiently to survive early dismissal.

We note that Congress has recently amended the sections of ISTEA that the Association identifies as relevant to its claims. Title 23 U.S.C. §§ 134 and 135 ("Metropolitan planning" and "Statewide planning" respectively) each have this language in a newly-added subpart:

> Since plans and programs described in this section are subject to a reasonable opportunity for public comment, since individual projects included in the plans and programs are subject to review under [NEPA], and since decisions by the Secretary concerning plans and programs described in this section have not

been reviewed under such Act as of January 1, 1997, any decision by the Secretary concerning a plan or program described in this section shall not be considered to be a Federal action subject to review under [NEPA].

23 U.S.C. § 134(*o*); 23 U.S.C. § 135(i). This language specifically precludes judicial review of certain actions under NEPA. It is not altogether clear how this language affects an action under ISTEA, brought pursuant to the APA. Nor is it clear exactly what the Association claimed or sought as relief under ISTEA, as distinct from NEPA. The district court did not pass on this below; therefore, we remand for an evaluation by the district judge of the viability of the Association's ISTEA claim.[2]

## IV. CONCLUSION

For the forgoing reasons, we AFFIRM the district court's decision to dismiss all claims against the state defendant, and to dismiss the first two NEPA claims against the federal defendants on statute-of-limitations grounds. We VACATE the district court's dismissal of the NEPA claim regarding the third EA and of the ISTEA claim, and REMAND both claims to the district court for further proceedings consistent with this opinion.

█

---

**2.** The district court should also revisit its decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), in light of the potential continued viability of two federal claims. Of course, the decision to exercise supplemental jurisdiction remains committed to the discretion of the district court. *See, e.g., Vandiver v. Hardin County Bd. of Educ.,* 925 F.2d 927, 935 (6th Cir.1991).