FILED
United States Court of Appeals
Tenth Circuit

**July 5, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DUSTIN J. MERRYFIELD,

      Plaintiff-Appellant,

v.

DISABILITY RIGHTS CENTER OF
KANSAS; ROCKY NICHOLS,
Director; DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
KATHLEEN SEBELIUS, Secretary;
SUBSTANCE ABUSE AND
MENTAL HEALTH SERVICES
ADMINISTRATION, a/k/a SAMSHA;
ERIC BRODERICK, Director;
OFFICE FOR CIVIL RIGHTS,
REGION VII; FRANK CAMPBELL,
Regional Director,

      Defendants-Appellees.

No. 10-3318
(D.C. No. 5:09-CV-03218-CM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Dustin J. Merryfield is confined at Larned State Hospital in Larned, Kansas, under the Kansas Sexually Violent Predator Act (SVPA), Kan. Stat. Ann. § 52-29a01, *et seq.*, as a patient in the Kansas Sexual Predator Treatment Program.[1]  He brought a pro se civil rights class action in the United States District Court for the District of Kansas against the Disability Rights Center of Kansas (DRC) and the United States Department of Health and Human Services (HHS).  The DRC is a private, non-profit corporation organized in the state of Kansas that receives and uses federal funds to, among other things, advocate for the rights of disabled Kansans.

Mr. Merryfield sought to have the DRC represent him in bringing complaints against Larned State Hospital.  The DRC declined his requests on a

---

[1]  The SVPA, K.S.A. 59–29a01 *et seq.*, was enacted for the "potentially long-term control, care and treatment of sexually violent predators," as well as for the protection of the public.  K.S.A. 59–29a01; *see* K.S.A. 2008 Supp. 59–29a07(a).  Once it has been determined that a person is a sexually violent predator, he or she shall be committed to the custody of [the Kansas Department of Social and Rehabilitation Services] for control, care, and treatment "until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large."  K.S.A. 2008 Supp. 59–29a07(a).  Because the SVPA narrows the class of persons eligible for confinement to those who find it difficult, if not impossible, to control their dangerousness, the SVPA was found to be facially constitutional by the United States Supreme Court in [*Kansas v. Hendricks*, 521 U.S. 346, 356-609 (1997)].

*Johnson v. Kansas*, 215 P.3d 575, 582 (Kan. 2009).

number of grounds. Mr. Merryfield's federal suit asserts that the DRC's refusal of representation violated his rights, and the rights of others similarly situated, in a number of ways. He also asserted that HHS failed to ensure that the DRC properly used the federal funds it received. Further factual details are not necessary as all of Mr. Merryfield's claims rested on his assertion that the district court had jurisdiction over his complaint against the DRC under the Administrative Procedures Act (APA), because the DRC is a federal agency. His sole point on appeal is that the district court erred in determining that it did not have jurisdiction because the DRC was not a federal agency.

For the purposes of the APA, the term "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency," subject to a few exceptions not applicable here. *See* 5 U.S.C. § 701(b). The DRC receives federal funds under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI). Mr. Merryfield's assertion is that this receipt of federal funds makes the DRC a federal agency. We disagree.

The Supreme Court has recently explained that the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD Act) offered States federal money to, among other things, improve medical care for persons with developmental disabilities. *See Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1635-36 (2011). It required a state, as a condition of receiving

that money, to "establish a protection and advocacy (P & A) system." *Id*. at 1636.

The court noted that the PAIMI Act increased that funding and "extends the

mission of P & A systems to include the mentally ill." *Id*. Under the DD Act and

the PAIMI Act, the P & A systems are required to have certain powers.[2] *Id*.

Further "[a] participating State is free to appoint either a state agency or a

private nonprofit entity as its P & A system." *Id*. One of the purposes of the

PAIMI Act is "to assist States to establish and operate a protection and advocacy

system for individuals with mental illness." 42 U.S.C. § 10801. An "eligible

system" is a "system established in a State to protect and advocate the rights of

persons with developmental disabilities under subtitle C of the [DD Act]."

42 U.S.C. § 10802(2). The "eligible system" then receives allotments from the

federal government to establish and administer systems to assist the mentally ill.

---

[2] The system "shall . . . have the authority to investigate incidents of abuse and neglect . . . if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." [42 U.S.C.] § 15043(a)(2)(B); § 10805(a)(1)(A). Subject to certain statutory requirements, it must be given access to "all records" of individuals who may have been abused, *see* § 15043(a)(2)(I)(iii)(II); § 10805(a)(4)(B)(iii), as well as "other records that are relevant to conducting an investigation," § 15043(a)(2)(J)(i). The Acts also require that a P & A system have authority to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of" its charges. § 15043(a)(2)(A)(i); *see* § 10805(a)(1)(B). And in addition to pressing its own rights, a P & A system may "pursue administrative, legal, and other remedies on behalf of" those it protects. § 10805(a)(1)(C); *see* § 15044(b).

*Va. Office for Prot. & Advocacy*, 131 S. Ct. at 1636.

42 U.S.C. § 10803. The "eligible system may use its allotment . . . to enter into contracts with State agencies and nonprofit organizations which operate throughout the State." 42 U.S.C. § 10804(1).

Thus, it is clear that the purpose of the federal statute is not to set up federal agencies in each of the states, but to assist the States in setting up their own systems. The systems in those states may then provide the services anticipated by the PAIMI Act through either state agencies or nonprofit organizations. If Kansas had chosen to provide these services through a state agency, that agency would not be considered a federal agency. *See*, *e.g., Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies."); *Sw. Williamson Cnty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies."). Here, Kansas has designated not one of its own agencies as its P & A system, but the DRC, a nonprofit entity. Thus, the removal from the federal government is even greater. Consequently, we affirm the district court's holding that the DRC is not a federal agency.[3]

---

[3]    We note that Mr. Merryfield briefly argues that the terms "federal instrumentality" and "federal agency" are interchangeable and that, therefore, the DRC is a federal agency. He does not elaborate on this assertion in his brief to this court, but we note that he argued to the district court that "[t]he [DRC] in 2009 showed they were a federal instrumentality in a case before the United

(continued...)

The district court's dismissal is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[3](...continued)
States District Court, for the District of Kansas, when they filed an action under the Administrative Procedures Act, against the United States Department of Health and Human Services." Aplt. App. at 70. Mr. Merryfield provides no legal authority to support the novel proposition that simply filing a lawsuit under the APA makes a plaintiff a federal instrumentality or agency.